■ ABRAHAM FELDMAN, Respondent, et al., Plaintiffs, v. SELMA LASHINE et al., Appellants.— Order entered on December 19, 1960, granting plaintiff's motion for summary judgment against the defendants, modified, on the law and on the facts so as to deny the motion for summary judgment against the defendant, Selma Lashine, with $10 costs, and, as so modified, affirmed with $20 costs and disbursements to the appellant, Selma Lashine against plaintiff-respondent, and with $20 costs and disbursements to plaintiff-respondent against defendant-appellant, Bee S. Wolf. There is a triable issue as to whether — at the time and place of the occurrence — the automobile was being used with the consent and permission of the defendant Lashine. However, with respect to the liability of defendant, Wolf, summary judgment was properly granted (see *Di Sabato* v. *Soffes*, 9 A D 2d 297). Rabin and McNally, JJ., concur; Breitel, J. P., concurs solely on constraint of *Di Sabato* v. *Soffes* (9 A D 297, *supra*); Stevens and Steuer, JJ. dissent in part in the following memorandum by Steuer, J.: I concur with the majority in reversing the judgment as against the defendant Lashine. I disagree in that I think that the same action should be taken as regards the estate of the defendant Wolf. Pursuant to the affidavits, it appears that this defendant, at the request of the plaintiff Feldman, drove the car to West End Avenue near 69th Street. At that point the plaintiff-respondent together with the plaintiff Guerra examined the motor of the car. For the purposes of this examination, the motor was kept running and defendant Wolf remained in the driver's seat. The examination lasted over half an hour and was still in progress when Wolf decided to get out of the car. In so doing,

he accidently touched the accelerator with his foot, and the injuries to the plaintiff resulted from the consequent movement of the car. On these facts summary judgment has been granted. It should be noted that the fact that the motor was running was at plaintiff's request, and no negligence could be charged against defendant for allowing the motor to run. In fact, the sole claim of a departure from a standard of reasonable care results from his physical contact with the accelerator. There is no claim that this was purposeful or other than an accident. It is not necessary to decide on this application whether the means that Wolf employed to get out of the car bespeak negligence. The sole question is whether making contact with the accelerator in getting out of the car is necessarily negligence. The exercise of reasonable prudence does not require perfect muscular control. A person getting out of the driver's seat of an automobile must, of course, exercise care commensurate with the facts, and the running of the motor is an important fact in the determination of whether the care used was adequate and hence reasonable. But unless the standard is so raised that a contact with any part of the mechanism means as a matter of law that the actor was negligent, a question remains for the trier of the facts, and this question is sufficient to defeat this application. The judgment should be vacated and the motion denied.